Christopher M. McDonald (SBN 198093)
cmcdonald@murchisonlaw.com
**MURCHISON & CUMMING, LLP**
18201 Von Karman Avenue, Suite 950
Irvine, California 92612
Telephone:  (714) 972-9977
Facsimile:   (714) 972-1404

Attorneys for Defendant, WALMART, INC.

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PRICHELLE TURNER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WALMART, INC., a Delaware Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.  2:23-cv-1238<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446 (DIVERSITY OF CITIZENSHIP)**<br><br>State Court Docket:<br>California Superior Court<br>County of Los Angeles<br>Case No.: 23NWCV00063<br><br>Filing Date: January 9, 2023 |

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT

COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA.

PLEASE TAKE NOTICE that Defendant, WALMART, INC., pursuant to 28

U.S.C. §§ 1332, 1441, and 1446, files this Notice of Removal of this civil action from

the Superior Court of California for the County of Los Angeles, where it is currently

pending as Case No. 23NWCV00063, to the United States District Court for the

Central District of California, Western Division.

The grounds for removal are as follows:

/ / /

## I.  INTRODUCTION

WALMART, INC., a Delaware corporation, with its principal place of business located in Bentonville, Arkansas, is a defendant in the civil action entitled, <u>Prichelle Turner vs. Walmart, Inc.</u>, with case number 23NWCV00063, which was commenced on January 9, 2023, in the Superior Court of the State of California, County of Los Angeles, and is now pending therein.  A true and correct copy of the Complaint is attached hereto and incorporated by reference as **Exhibit A**.

2.       Under 28 U.S.C. 1446, a defendant has thirty days from the date of service to file removal papers.  Plaintiff sent to WALMART, INC.'S registered agent copies of the Summons and the Complaint by traceable mail that was postmarked January 9, 2023.  (See Service of Process Transmittal, **Exhibit B**.)  California *Code of Civil Procedure* section 415.40 states the following: "A summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt. Service of a summons by this form of mail is deemed complete on the 10th day after such mailing."  Based on the Summons and the Complaint being sent by traceable mail that was postmarked January 9, 2023, to WALMART, INC.'s registered agent, according to California *Code of Civil Procedure* section 415.40, service on WALMART, INC., was deemed complete on January 19, 2023.  Based on this service date, the thirty-day window for removal expires on February 18, 2023, which is a Saturday.  Rule 6 of the *Federal Rules of Civil Procedure* states that when the last day of a specified time period falls on a weekend, the party has until the end of the following business day to file.  Thus, pursuant to 28 U.S.C. §§ 1441 and 1446, this Notice of Removal is timely filed.

3.       As more fully set forth below, this is a civil action over which this Court has original jurisdiction under 28 U.S.C. §1332(a), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Therefore, pursuant to 28 U.S.C. §1441,

1  WALMART, INC. may remove this action to this Court.

2  **II.     THIS COURT HAS SUBJECT MATTER JURISDICTION**

3       4.     Based on the allegations in paragraph 2 of the Complaint, WALMART,

4  INC. is informed and believes that Plaintiff, PRICHELLE TURNER is a citizen of

5  the State of California, and with regard to citizenship, Plaintiff is diverse from all

6  named Defendant(s) in this action.

7       5.     WALMART, INC., is incorporated under the laws of the State of

8  Delaware, and has its principal place of business in Bentonville, Arkansas.

9       6.     This is a premises liability action in which Plaintiff, PRICHELLE

10  TURNER seeks significant medical and general damages for injuries sustained as a

11  result of an alleged dangerous condition on Walmart, Inc.'s premises.  Plaintiff,

12  PRICHELLE TURNER alleges that on February 22, 2022, she visited a Walmart

13  located at 12701 Towne Center Drive, Cerritos, California, 90703, and stepped on

14  something "slippery" on the floor, causing her to fall on her right shoulder and hand.

15  She further alleges to have injured her right shoulder, back, and ankle as a result of

16  the fall. (Complaint, paragraphs 3-7.) Plaintiff, PRICHELLE TURNER prays for

17  compensatory damages for pain and suffering, medical expenses, and loss wages.

18  (Complaint, paragraphs 28-30.) On October 6, 2022, Walmart, Inc., received a

19  settlement demand letter from Plaintiff Prichelle Turner identifying $16,650.00 in

20  past medical expenses, $50,000.00 to $70,000.00 in future medical expenses, and

21  $2,990.00 in lost earnings for a total settlement demand of $225,000.00. As such, the

22  amount in controversy, exclusive of interest and costs, exceeds the sum of

23  $75,000.00. This court has original jurisdiction over this action under 28 U.S.C. §

24  1332.

25       7.     This petition is filed with this court within one year from the filing of the

26  action in accordance with 28 U.S.C. § 1446(b).

27  / / /

28  / / /

Case No.

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446
(DIVERSITY OF CITIZENSHIP)

1

## III.    DEMAND FOR JURY TRIAL

2

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant

3

Walmart, Inc., hereby demands trial by jury in this action.

4

5

DATED:  February 17, 2023          **MURCHISON & CUMMING, LLP**

6

7

By:  _Christopher M. McDonald_

8

Christopher M. McDonald
Attorney for Defendant, WALMART, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>Exhibit A</u>**

Case No.

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446
(DIVERSITY OF CITIZENSHIP)

Electronically FILED by Superior Court of California, County of Los Angeles on 01/09/2023 10:19 AM David W. Slayton, Executive Officer/Clerk of Court, by E. Chanes,Deputy Clerk
23NWCV00063

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY |
| --- | --- |
| | *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WALMART, INC., a Delaware Corporation; and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

PRICHELLE TURNER, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Norwalk Courthouse<br><br>12720 Norwalk Blvd.<br>Norwalk, CA 90650 | CASE NUMBER:<br>*(Número del Caso):*<br>23NWCV00063 |
| --- | --- |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Simonian & Simonian PLC; 144 N. Glendale Ave. Ste 228, Glendale, CA 91206; 818-405-0080

| DATE:<br>*(Fecha)* | 01/09/2023 | David W. Slayton, Executive Officer/Clerk of Court | Clerk, by<br>*(Secretario)* | E. Chanes | , Deputy<br>*(Adjunto)* |
| --- | --- | --- | --- | --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

23NWCV00063

Assigned for all purposes to: Norwalk Courthouse, Judicial Officer: Olivia Rosales

Electronically FILED by Superior Court of California, County of Los Angeles on 01/09/2023 10:19 AM David W. Slayton, Executive Officer/Clerk of Court, by E. Chanes,Deputy Clerk

**SIMONIAN & SIMONIAN, PLC**
SHIRAZ SIMONIAN (SBN 247150)
Email: shiraz@simonianlawfirm.com
SEVAG SIMONIAN (SBN 279232)
Email: sevag@simonianlawfirm.com
144 North Glendale Ave., Suite 228
Glendale, CA. 91206
Tel: 818-405-0080
Fax: 818-405-0082

Attorneys for Plaintiff
PRICHELLE TURNER

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| PRICHELLE TURNER, an individual<br><br>Plaintiff,<br><br>v.<br><br>WALMART, INC., a Delaware Corporation; and DOES 1 through 100, inclusive,<br><br>Defendant(s). | CASE NO.:<br><br>*Unlimited Jurisdiction*<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>**(1) PREMISES LIABILITY**<br><br>**(2) GENERAL NEGLIGENCE** |

COMES NOW the Plaintiff PRICHELLE TURNER (hereinafter, "PLAINTIFF"), and for cause of action against the defendant WALMART, INC. (hereinafter, "WALMART") and DOES 1 through 100 (collectively herein referred to as the "Defendants") and for each of them allege:

### GENERAL ALLEGATIONS

1.    PLAINTIFF believes, and based on such belief alleges, that WALMART is, and at all relevant times herein mentioned was, a corporation organized under the laws of the state of Delaware, and is authorized to conduct business in the state of California. PLAINTIFF further believes, and based on such belief alleges, that WALMART conducts business at 12701 Towne Center Drive, Cerritos, California 90703 ("the "PREMISES"). PLAINTIFF further believes, and based on such

1

1   belief alleges, that WALMART was the owner, operator, manager, and of the PREMISES identified

2   in this complaint.

3       2.   PLAINTIFF is, and at all relevant times herein mentioned was, a resident of the County of

4   Los Angeles, State of California.

5       3.   On Or around February 22, 2022, PLAINTIFF visited WALMARTS PREMISES to do

6   some shopping. As PLAINTIFF walked to the self-checkout counter at the PREMISES, she slipped

7   on something slippery on the floor and fell on her right shoulder and hand, the latter of which she

8   placed underneath her body as a reflex to break her fall. PLAINTIFF suffered from severe pain to her

9   right shoulder, back, and ankle as a result of the aforementioned fall. PLAINTIFF reported the incident

10  to Julio Morales, a WALMART associate, and an incident report was prepared as a result.

11      4.   As a result of the dangerous condition at WALMART's PREMISES, PLAINTIFF

12  immediately slipped and fell onto the floor, landing on her right shoulder and hand, in addition to

13  suffering other injuries. Accordingly, PLAINTIFF was injured in her health, strength, and activity,

14  sustaining serious injuries to his body, mind, and nervous system.

15      5.   PLAINTIFF is informed and believes and thereupon alleges that WALMART had or

16  should have noticed this dangerous condition upon the PREMISES.  WALMART had a duty to warn,

17  inspect and make safe its property for the use of patrons such as PLAINTIFF. PLAINTIFF was forced

18  to endure severe injuries and damages resulting from this dangerous condition at the PREMISES.

19      6.   All of said injuries have caused, and continue to cause, PLAINTIFF endured great mental

20  and physical pain and suffering, all to the PLAINTIFF's general damage in an amount in excess of the

21  jurisdictional minimum of this court.

22      7.   Each of the acts, events and injuries alleged hereinafter took place on or around February

23  22, 2022 at the WALMART PREMISES located at 12701 Towne Center Drive, Cerritos, California

24  90703.

25      8.   The true names and capacities, whether individual, corporate, associate or otherwise, of

26  defendants DOES 1 through 100, inclusive, are unknown to PLAINTIFF, who therefore sues said

27

28

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1   defendants by such fictitious names, and PLAINTIFF will seek leave of court to amend this Complaint

2   to show the true names and capacities thereof when the same has been ascertained.

3        9.   PLAINTIFF is informed and believes and thereon alleges that each defendant, designated

4   herein as a DOE, is responsible, negligently or in some other manner for the events and happenings

5   herein referred to, and thereby proximately caused injuries and damages to the PLAINTIFF as

6   hereinafter alleged.

7        10. PLAINTIFF is informed and believes, and thereon alleges, that at all times herein

8   mentioned defendants WORLDMARK and DOES 1 through 100 (collectively hereinafter,

9   "Defendants") and each of them, were the agents and employees of each of the remaining defendants

10  and were at all times acting within the purpose and scope of said agency and employment.

## FIRST CAUSE OF ACTION

### *PREMISES LIABILITY*

### (Against all Defendants)

11       11. PLAINTIFF hereby incorporates and alleges all of the facts stated herein above, as though

12  fully set forth at length herein.

13       12. PLAINTIFF is informed and believes, and upon such information and belief alleges, that

14  at all times herein mentioned, Defendants, were the owners, and was obligated to maintain, control

15  supervise and inspect the PREMISES to ensure the PREMISES was free from any and all dangerous

16  conditions to their patrons.

17       13. On or February 22, 2022, Defendants knew or should have known, that the PREMISES

18  was dangerous and improperly maintained due to a slippery substance on the ground next to the self-

19  checkout counter at the PREMISES, creating an extremely slippery and hazardous area on the floor,

20  which would make it reasonably foreseeable that a patron of the PREMISES would slip and fall.

21       14. PLAINTIFF is further informed and believes that Defendants had actual and/or

22  constructive knowledge of the dangerous condition prior to the PLAINTIFF'S fall as the slippery

23  substance was located at the self-checkout counter, which was a location at the PREMISES frequently

3

1    visited by WALMART's customers and numerous employees of WALMART worked at the

2    PREMISES.

3        15. Defendants were careless and negligent with respect to their control, maintenance,

4    supervision and inspection of the PREMISES.

5        16. At the time PLAINTIFF entered the subject WALMART PREMISES, Defendants so

6    negligently owned, operated, managed, maintained, inspected and supervised the PREMISES as to

7    cause a dangerous and hazardous condition to exist on the PREMISES, making it reasonably

8    foreseeable that one of the Defendants' patrons, such as the PLAINTIFF here, would fall and suffer

9    injuries.

10       17. Defendants were cognizant that the PREMISES would be extremely busy and visited by

11    numerous patrons as it is a popular shopping destination. Nonetheless, Defendants failed to use

12    reasonable care to prevent injury to PLAINTIFF, whom Defendants knew or should have known, would

13    be affected by the hazardous condition. Defendants negligently failed to inspect the PREMISES,

14    negligently failed to provide warning of the dangerous condition of the accumulated slippery substance

15    at the self-checkout counter, failed to clean the grounds at the self-checkout counter, and negligently

16    failed to provide safe walking/standing conditions to the PLAINTIFF.

17       18. As a proximate result of Defendants' negligence and their respective failure to maintain,

18    inspect and repair the dangerous condition or to have them repaired within a reasonable time or at all,

19    as alleged above, PLAINTIFF suffered general distress, worry as well as physical injuries all to her

20    general and special damages in an amount to be proven at trial.

21       19. As a further proximate result of Defendants' general negligence and their failure to

22    maintain, inspect and repair the dangerous condition, all as alleged above, PLAINTIFF was required to

23    and did incur medical and related expenses, all to her further damage in an amount to be proven at trial.

24    In addition, PLAINTIFF has been, and continues to be, subject to natural distress arising from having

25    these physical injuries which are damaging his health and destroying her quality of life in an amount

26    not ascertainable at this time but which will be proven at the time of trial.

27

28

4

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

20.  As a further direct and proximate result of the negligence of the Defendants, PLAINTIFF was and is required to and did employ physicians and surgeons, and PLAINTIFF did incur medical and incidental expenses thereby. The exact amount of such expenses is presently unknown and PLAINTIFF will seek leave of court to amend this Complaint to set forth the exact amount thereof when the same has been ascertained.

21.  PLAINTIFF is informed and believes, and thereon alleges, that as the direct and proximate result of the negligence of the Defendants, and each of them, PLAINTIFF will, for a period of time in the future, be required to employ physicians, and other medical care providers, and incur additional medical and incidental expenses thereby.  The exact amount of such expenses is presently unknown and PLAINTIFF will seek leave of court to amend this Complaint to set forth the exact amount thereof when the same has been ascertained.

22.  By reason of the hazardous condition on the PREMISES, PLAINTIFF suffered physical injuries as well as attendant emotional distress and pain and suffering.  To date, PLAINTIFF'S injuries have not yet healed.

## SECOND CAUSE OF ACTION

### *GENERAL NEGLIGENCE*

### (Against all Defendants)

23.  PLAINTIFF hereby incorporates and alleges all of the facts stated herein above, as though fully set forth at length herein.

24.  On or around February 22, 2022, Defendants were careless and negligent with respect to their control, maintenance, supervision and inspection of the PREMISES.  Defendants knew or should have known of the hazardous and dangerous condition of WALMART's PREMISES.

25.  Defendants, and each of them, owed a duty of care to PLAINTIFF, as well as all other patrons, to use reasonable skill and due care in maintaining, inspecting and repairing the subject PREMISES.

26.  On or about February 22, 2022, the Defendants, and each of them, so negligently failed to maintain, inspect and supervise the subject PREMISES as to cause a dangerous condition to exist on

5

their PREMISES, resulting in the PLAINTIFF slipping and violently falling onto the ground. As a result, Defendants breached their duty of care owed to PLAINTIFF and actually and proximately caused the hereinafter described injuries and damages to PLAINTIFF.

27. Defendants failed to use reasonable care to prevent injury to the PLAINTIFF, whom Defendants knew, or should have known, would be affected by the hazardous condition. Defendants negligently failed to inspect the PREMISES, negligently failed to provide warning of the dangerous condition, negligently failed to clean up the grounds at the self-checkout counter at the PREMISES, and negligently failed to provide safe walking and standing conditions.

28. As a direct and proximate result of the negligence of the Defendants, and each of them, PLAINTIFF was injured in her health, strength, and activity, sustaining serious injuries to her body, mind, and nervous system. All of said injuries have caused, and continue to cause, PLAINTIFF great mental and physical pain and suffering, all to the PLAINTIFF's general damage in an amount in excess of the jurisdictional minimum of this court.

29. As a further direct and proximate result of the negligence of the Defendants, PLAINTIFF was and is required to and did employ physicians and surgeons, and PLAINTIFF did incur medical and incidental expenses thereby. The exact amount of such expenses is presently unknown and PLAINTIFF will seek leave of court to amend this Complaint to set forth the exact amount thereof when the same has been ascertained.

30. PLAINTIFF is informed and believes, and thereon alleges, that as the direct and proximate result of the negligence of the Defendants, and each of them, PLAINTIFF will, for a period of time in the future, be required to employ physicians, and other medical care providers, and incur additional medical and incidental expenses thereby. The exact amount of such expenses is presently unknown and PLAINTIFF will seek leave of court to amend this Complaint to set forth the exact amount thereof when the same has been ascertained.

31. The negligence of Defendants, and each of them, was the proximate and legal cause of PLAINTIFF's injury. It was reasonably foreseeable that harm would result from the Defendants' negligence. But for the Defendants' negligence, harm would not have resulted to PLAINTIFF.

6

## PRAYER FOR RELIEF

WHEREFORE, for all causes of action, PLAINTIFF prays for judgment against Defendants, and each of them, as follows:

1. General damages according to proof;

2. Special damages according to proof;

3. Loss of past earnings according to proof;

4. Loss of earnings capacity according to proof;

5. Costs of suit incurred herein;

6. Prejudgment interest; and

7. For such other and further relief as the Court may deem just and proper.

DATED: January 9, 2023                      **SIMONIAN & SIMONIAN, PLC**

*Shiraz Simonian*
SHIRAZ SIMONIAN
Attorneys for Plaintiff
PRICHELLE TURNER

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1

## **DEMAND FOR TRIAL BY JURY**

2       Plaintiff PRICHELLE TURNER hereby demands a trial by jury.

3

4  DATED: January 9, 2023               **SIMONIAN & SIMONIAN, PLC**

5

6                          *Shiraz Simonian*

7                        SHIRAZ SIMONIAN
Attorneys for Plaintiff
PRICHELLE TURNER

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Electronically FILED by Superior Court of California, County of Los Angeles on 01/09/2023 10:06 AM Sherri R. Carter, Executive Officer/Clerk of Court, by E. Chanes,Deputy Clerk

**CM-010**

| | FOR COURT USE ONLY |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Shiraz Simonian (SBN 247150)<br>Simonian & Simonian, PLC<br>144 N. Glendale Ave., Suite 228<br>Glendale, CA 91206<br>    TELEPHONE NO.: 818-405-0080      FAX NO.: 818-405-0082<br>ATTORNEY FOR *(Name):* Plaintiff PRICHELLE TURNER | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 12720 Nowarlk Blvd.
MAILING ADDRESS:
CITY AND ZIP CODE: Norwalk, CA 90650
BRANCH NAME: Norwalk Courthouse

**CASE NAME:**
Prichelle Turner v. Walmart, Inc.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☑ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* TWO (2)
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 1/9/2023

SHIRAZ SIMONIAN                                                    *Shiraz Simonian*
_____                           ▶ _____
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
  domain, landlord/tenant, or
  foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| PRICHELLE TURNER v. WALMART, INC. | |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☑ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| PRICHELLE TURNER v. WALMART, INC. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | | CASE NUMBER |
|---|---|---|
| PRICHELLE TURNER v. WALMART, INC. | | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Contract**<br>(Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| PRICHELLE TURNER v. WALMART, INC. | |

| | **A**<br>Civil Case Cover<br>Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2003 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| PRICHELLE TURNER v. WALMART, INC. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: | ADDRESS: |
|---|---|
| ☐ 1. ☐ 2. ☐ 3. ☑ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | 12701 Towne Center Drive |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Cerritos | CA | 90703 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Southeast___ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: _01/09/2023_____                 *Shiraz Simonian*

                                                                 (SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (10/22).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 11/22          **CIVIL CASE COVER SHEET ADDENDUM**          LASC Local Rule 2.3
For Mandatory Use          **AND STATEMENT OF LOCATION**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Norwalk Courthouse<br>12720 Norwalk Blvd., Norwalk, CA 90650 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>01/09/2023<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ E. Chanes _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>23NWCV00063 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | Olivia  Rosales | F | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 01/09/2023
   (Date)

David W. Slayton, Executive Officer / Clerk of Court

By E. Chanes_____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**



## Superior Court of California, County of Los Angeles

---

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>Exhibit B</u>**

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446
(DIVERSITY OF CITIZENSHIP)



**CT Corporation**
**Service of Process Notification**
01/13/2023
CT Log Number 543013281

## Service of Process Transmittal Summary

**TO:**      KIM LUNDY- EMAIL, Important Note here
Walmart Inc.
GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
BENTONVILLE, AR 72712-3148

**RE:**      **Process Served in California**

**FOR:**     WALMART INC.  (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Turner Prichelle, an individual // To: WALMART INC.<br>Name discrepancy noted. |
| **DOCUMENT(S) SERVED:** | Letter(s), Notice(s) and Acknowledgment, Summons, Complaint, Demand,<br>Attachment(s), Addendum(s), Notice(s), Alternative Dispute Resolution |
| **COURT/AGENCY:** | Los Angeles County Superior Court - Southeast District, CA<br>Case # 23NWCV00063 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 02/02/2022, Walmart located at 12701 Towne Center<br>Drive, Cerritos, CA, 90703 |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 01/13/2023 postmarked on 01/09/2023 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Shiraz Simonian<br>Simonian & Simonian, PLC<br>144 North Glendale Ave., Suite 228<br>Glendale, CA 91206<br>818-405-0080 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/13/2023, Expected Purge Date:<br>01/18/2023<br><br>Image SOP |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion,
and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other
information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the



**CT Corporation**
**Service of Process Notification**
01/13/2023
CT Log Number 543013281

included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



Simonian & Simonian, PLC
144 N. Glendale Ave., Ste 228
Glendale, CA 91206



7021 0350 0000 3123 4706



UNITED STATES POSTAGE
$006.40⁰
PITNEY BOWES
02  1P
0000787392    JAN 09 2023
MAILED FROM ZIP CODE 91206

Walmart Inc.
c/o CT Corporation Systems
330 N. Brand Blvd., Ste. 700
Glendale, CA 91203





**SIMONIAN & SIMONIAN**
**A Professional Law Corporation**
144 North Glendale Avenue, Suite 228 | Glendale, California 91206
Tel: 818-405-0080 | Fax: 818-405-0082 | E: shiraz@simonianlawfirm.com
www.simonianlawfirm.com

January 9, 2023

Walmart Inc.                                         *VIA CERTIFIED MAIL*
c/o CT Corporation Systems                           *7021 0350 0000 3123 4706*
c/o Amanda Garcia/Gabriela Sanchez
330 N. Brand Blvd.
Glendale, CA 91203

Re: <u>**Prichelle Turner v. Walmart, Inc.**</u> **(Case No. 23NWCV00063)**

Dear Gentleperson(s):

Pursuant to the California Secretary of State, you have been designated as the agent for service of process for defendant Walmart Inc. in the above-referenced action. Enclosed please find a self-addressed stamped envelope and copies of the following documents for service of process in the above-referenced matter:

- Two copies of Notice and Acknowledgment of Receipt
- Summons
- Complaint
- Civil Case Coversheet and Addendum
- ADR Information Package
- Notice of Case Management Conference

Pursuant to Section 415.30 of California's Code of Civil Procedure, this constitutes effective service of the complaint and summons. Please complete the enclosed Notice and Acknowledgment of Receipt form for defendant Walmart Inc. as soon as possible, but no later than within 20 days from the date of this letter. Your failure to complete and return the forms within the allocated timeline may subject Walmart Inc. to liability for the payment of any expenses incurred in personally serving Walmart Inc.

Walmart Inc.
c/o Amanda Garcia/Gabriela Sanchez
January 9, 2023
Page **2** of **2**

      Should you have any questions in the interim, do not hesitate to contact the undersigned.

Sincerely,

Shiraz Simonian, Esq.

Enclosure(s):

# CERTIFICATE OF SERVICE

### Prichelle Turner vs. Walmart Inc., et al.
### Our File No. 49359

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 18201 Von Karman Avenue, Suite 950, Irvine, CA 92612-1077.

On February 17, 2023, I served true copies of the following document(s) described as **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446 (DIVERSITY OF CITIZENSHIP)** on the interested parties in this action as follows:

Shiraz Simonian, Esq.      Plaintiff, PRICHELLE TURNER
SIMONIAN & SIMONIAN, PLC
144 North Glendale Ave., Suite 228
Glendale, CA  91206
Telephone:  818-405-0080
Facsimile:   818-405-0082
E-Mail: shiraz@simonianlawfirm.com

**BY ELECTRONIC SERVICE:** by transmitting via the Court's electronic filing and electronic service the document(s) listed above to the Counsel set forth above on this date pursuant to Administrative order 14-2 NEFCR 9 (a), and EDCR Rule 7.26.

**BY E-MAIL OR ELECTRONIC TRANSMISSION**:  Pursuant to the E-Filing System of the United States District Court, Central District of California, to the parties at the e-mail addresses on the Court's website.

**BY ELECTRONIC TRANSMISSION ONLY:**  ONLY BY ELECTRONIC TRANSMISSION. Only by e-mailing the document(s) to the persons at the e-mail address(es) listed based on notice provided, that during the Coronavirus (Covid-19) pandemic, this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 17, 2023, at Irvine, California.

         /s/ Johnetta Caldwell
        Johnetta Caldwell

Case No.